Defendant-appellant Ronald Williams was found guilty by a jury of one count of receiving stolen property and eight counts of burglary. The trial court sentenced him to eleven months' incarceration for the receiving-stolen-property count, five years' incarceration on each of four of the counts of burglary, and four years' incarceration on each of the remaining four counts of burglary. The terms were to be served consecutively, for a total of thirty-six years and eleven months of jail time.
Williams now appeals his sentence. In his sole assignment of error, he asserts that the trial court erred in ordering him to serve consecutive sentences. We disagree.
R.C. 2929.14(E)(4) provides various criteria for imposing consecutive sentences for multiple offenses.[1] A court must find that consecutive sentences are necessary to protect the public or to punish the defendant. The court must also find that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. Finally, the court must find that the defendant was under some form of court control when he committed the offenses, that the physical harm he caused was so great or unusual that a single term would not satisfy the seriousness factor, or that his criminal history indicates a need to protect the public.[2] When the court imposes consecutive sentences, it must make findings that support its decision.[3] If a defendant appeals his sentence, an appeals court "may increase, reduce, or otherwise modify * * * or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds * * * [t]hat the record does not support the sentence."[4]
Here, at Williams's sentencing hearing, the trial court noted that Williams had committed multiple offenses, and had "changed" the "lives" of several victims. It explained that Williams was arrested with a gun and that he was the "ring leader" for several individuals who had been involved in the crimes. Also, it stressed that Williams had multiple prior theft convictions. Before imposing consecutive sentences, it stated that Williams was a "bad person as far as criminal activity" and that he had not "learned" his "lesson" from a previous time that he was incarcerated. Finally, on a sentencing worksheet for the burglary counts, it specifically found that Williams's criminal history required consecutive sentences and that consecutive sentences were necessary to fulfill the purposes of the sentencing guidelines. (The record contains two sentencing worksheets for the burglary counts. Only one of those worksheets contains the findings regarding consecutive sentences.) Considering all these facts, we hold that the court made sufficient findings to impose consecutive sentences.[5] We do not clearly and convincingly find that the record does not support the sentences.
Therefore, we affirm the judgment of the trial court.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
GORMAN, P.J., and SHANNON, J., concur.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on January 29, 1999 per order of the Court ____________________. Presiding Judge
[1] The trial court's sentencing worksheet lists the relevant section of the code regarding consecutive sentences as R.C.2929.14(E)(3). When Williams was sentenced, the provisions under that section had been re-numbered under R.C.2929.14(E)(4).
[2] State v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported.
[3] R.C. 2929.19(B)(2)(c).
[4] R.C. 2953.08(G)(1)(a).
[5] See State v. Mirmohamed (Dec. 3, 1998), Franklin App. No. 97APA11-1492, unreported (trial courts need not recite "talismanic words" when imposing criminal sentences).